UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                              |   |                    |
|----------------------------------------------|---|--------------------|
| GEORGE GRIGSBY,                              ) |                    |
|                                              ) |                    |
| Petitioner,                                  ) |                    |
|                                              ) |                    |
| v.                                           ) | No. 18-cv-2221 (KBJ) |
|                                              ) |                    |
| MARY THOMAS, *Judge, Circuit Court*          ) |                    |
| *of Cook County Illinois*,                   ) |                    |
|                                              ) |                    |
| Respondent.                                  ) |                    |

## MEMORANDUM OPINION

Petitioner George Grigsby, who is located in Chicago, Illinois, has filed a *pro se* document titled "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. [§§] 2241, 2254[,]" in which he challenges the decision of Judge Mary Thomas (an Illinois state court judge) "to place him in a mental health institution without a grand jury indictment[.]" (Pet. For Writ of Habeas Corpus, ECF No. 1, at 1.) Grigsby has filed eight prior habeas actions in this District that appear to arise from these same facts, each of which named Judge Thomas as the respondent. *See Grigsby v. Thomas*, No. 14cv1579, 2014 WL4661195, at *1 (D.D.C. Sept. 19, 2014) (noting Grigsby's five prior habeas actions); *see also Grigsby v. Thomas*, No. 15cv1517; *Grigsby v. Thomas*, No. 16cv1918. In each of these prior cases, the district court found that that it did not have jurisdiction over Grigsby's habeas petition. *See, e.g.*, *Grigsby*, 2014 2014 WL4661195, at *1. That same conclusion is warranted here, and thus, this Court will **DISMISS** the habeas petition without prejudice for want of jurisdiction.

The proper respondent in a habeas action is the petitioner's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 440–41 (2004). Grigsby "has not indicated how Judge Mary Thomas could be his custodian." *Grigsby*, 2014 WL 4661195, at *1. Furthermore, even if Judge Thomas could somehow be deemed Grigsby's custodian, the Court nevertheless lacks jurisdiction over Grigsby's habeas petition because a federal district court "may not entertain a habeas petition [under § 2241] unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). If Grigsby "is confined at all, his confinement appears to be in Chicago, Illinois, not Washington, D.C." *Grigsby*, 2014 WL 4661195, at *1. Therefore, any habeas action challenging that confinement must be brought Illinois. *See id*.

Because this Court has no jurisdiction over Grigsby's habeas petition, it will dismiss this matter without prejudice. A separate order accompanies this Memorandum Opinion.

DATE: January 31, 2019

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge